VINCENT BALON *vs.* GENERAL CABLE CORPORATION.

AUGUST 22, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an appeal by the respondent employer from a decree of the superior court granting employee's petition for compensation for partial incapacity and extra medical fees under the provisions of the workmen's compensation act, general laws 1938, chapter 300.

The petition now before us was filed in the office of the director of labor on May 13, 1947. It was made out on a short printed form provided by the department of labor and had check marks against the headings "Review of Incapacity," "Reasonable Fees," "Agreement approved by Director of Labor," and "Order of Department of Labor or Superior Court." In the body of the instrument the petitioner requested the director of labor to consider the questions of "my decreased earning capacity" and "my medical fee." The dispute between the parties is set out in the petition as follows: "Refusal of General Cable Corp to pay for Medical and Hospital Bill and also for medicine since April 15, 1946. Also Compensation while I was in Hospital from Dec 3, 1946 to Dec 28, 1946, and decreased ability to work since then."

From a decision of the director of labor the respondent duly appealed to the superior court where the case was heard *de novo*, the trial justice finding among other things that since May 26, 1947 the petitioner had been and then was partially incapacitated for work due to the accident he sustained on February 25, 1943; and that the case was an unusual one as to the nature and extent of the medical treatment required by the petitioner. Thereafter a decree was entered ordering respondent (1) to pay to the petitioner compensation for partial incapacity subsequent to May 26, 1947 in the amount of $8.66 per week; (2) to reimburse the petitioner for reasonable medical expenses already paid by him; (3) also to pay all his unpaid reasonable medical expenses; and (4) to pay reasonable medical expenses beyond the maximum ordinarily allowed by article II, §5, of the workmen's compensation act as amended.

The evidence discloses that on February 25, 1943 the petitioner in the course of his employment was moving a lathe, weighing between 2500 and 3000 pounds, when one of the skids thereunder broke and the lathe fell upon him, causing the injuries complained of. On March 5, 1943, the parties entered into a preliminary agreement, which was

subsequently approved by the director of labor, providing for weekly payments of $20 per week based on an average weekly wage of $59.31 "for duration of total incapacity" and further that "in the event of partial incapacity following total incapacity, a supplementary agreement shall be made in accordance with the provisions of the Workmen's Compensation Act."

In order fully to understand respondent's present contentions it is necessary to refer to the prior case of General Cable Corporation v. Vincent Balon, W. C. A. No. 3834. In that case the employer on October 10, 1944 filed a petition with the director of labor to review the preliminary agreement alleging that the employee was no longer incapacitated as he had returned to work at a rate of wages equal to or in excess of that which he was earning at the time of his injury, and asked that compensation be discontinued. After a hearing on the petition a decision was rendered by the director of labor in favor of the employee.

From that decision the employer duly appealed to the superior court where, after a hearing *de novo,* the trial justice on May 26, 1947 entered a decree providing "1. That the petitioner was entitled to suspend compensation payments as of October 10, 1944, the date of the filing of said petition to review; 2. That since said October 10, 1944 the respondent has not been entitled to compensation and is not entitled to compensation at the present time; 3. That respondent's motion to be allowed medical expenses in excess of the maxima ordinarily permitted is denied." The respondent employee did not appeal from such decree but before its entry he filed the present petition with the director of labor, thus originating the instant case.

The respondent employer now contends that the trial justice erred in denying its motion to dismiss the instant petition arguing that at the time it was filed with the labor department the same matter was pending in the superior court. We cannot agree with this contention. The petition in W. C. A. No. 3834 which was pending in

the superior court was brought by the employer to review the preliminary agreement as of October 10, 1944, seeking thereby to relieve itself from paying any further compensation on the ground that the employee's incapacity had wholly ceased, while the petition in the instant case was brought by the employee to obtain compensation for partial incapacity from December 28, 1946 and medical fees from April 15, 1946. Thus the two petitions were wholly dissimilar and related to different periods. Furthermore, we find nothing in the act which restricts the right to review the preliminary agreement to only one of the parties thereto.

Respondent further contends that the trial justice erred in not denying and dismissing the present petition on the ground that it was barred by the provisions of art. III, §17, of the act. We think this contention is equally untenable. It seems to be based on the fact that the trial justice referred to the petition as an original petition for compensation because of partial incapacity. We are of the opinion, however, that the petition under consideration is clearly one to review the preliminary agreement, the petitioner claiming partial instead of total incapacity, and also requesting additional medical fees on the ground that it was an unusual case. The faulty designation of a petition either by the petitioner or by the trial justice does not change the substance of the petition or destroy any of the rights or obligations provided in the act. *Lopes* v. *B. B. & R. Knight, Inc.,* 50 R. I. 16.

Treated therefore as a petition for review we see no bar to its filing and consideration by reason of the provisions of art. III, §17. This section provides that an employee's claim for compensation "shall be barred unless an agreement or a petition * * * shall be filed within 2 years after the occurrence of the injury * * *." At the time of the filing of the petition in the instant case there was subsisting a preliminary agreement approved by the director of labor which provided for payments for total incapacity. That

agreement had not then been altered or terminated by a decree of the court or by any subsequent agreement of the parties approved by the director of labor. The ruling complained of was therefore without error. Respondent next contends that at the time of hearing the matters involved therein were res adjudicata by reason of the terms of the unappealed decree of May 26, 1947, W. C. A. No. 3834. We see no merit in this contention. Although the parties in both petitions were the same, the issues were not identical. In the first case the employer's petition sought to discontinue payments altogether, while the employee's petition in the instant case seeks to review the preliminary agreement for the purpose of establishing partial incapacity and to secure medical fees above the maximum ordinarily permitted. Furthermore, apparently out of an abundance of caution and to avoid any claim of res adjudicata relative thereto, the trial justice here allowed compensation only from and after the date of the decree in W. C. A. No. 3834.

In *Pepe* v. *American Silk Spinning Co.*, 70 R. I. 309, a previous decision of the director of labor had *suspended* the employee's right to compensation because she was being paid wages in excess of what she was earning at the time of her injury, without finding that she had recovered therefrom or that her incapacity had entirely ceased. This court held that such decision did not prevent the employee from maintaining a petition for review in order to secure compensation after such excessive earnings had ceased. In his rescript deciding the employer's petition for review in W. C. A. No. 3834, the trial justice said: "the respondent appears to have at present full earning power, but that is not to say that he has regained his former condition. Moreover, his physician, Dr. G. Kenneth Coonse, of Boston, testified that Balon, today, is not a well man and probably will have to undergo at some time in the future a fusing operation." The trial justice there left the door open to the filing by petitioner of such a petition for review as is now before us for consideration. His finding at that time

on the question of total incapacity for one period cannot be considered as res adjudicata to bar the filing and prosecuting of the instant petition for review of partial incapacity over another period and for additional medical expenses, thus raising different questions for decision.

During the hearing of the petition in W. C. A. No. 3834, counsel for the present petitioner moved for an allowance of medical expenses in excess of the maximum ordinarily authorized by the act. In denying this motion, the court stated: "the Court thinks this request should be made in the form of a petition to the Director of Labor; that this Court has jurisdiction only on an appeal from a decision by the Director of Labor." It thus clearly appears that petitioner's motion for additional medical fees was not decided on its merits but on jurisdictional grounds as such motion was not properly related to any issuable fact then before the court. Hence we are of the opinion that in the circumstances above referred to the findings of fact and decree of the court in W. C. A. No. 3834 are not res adjudicata so as to bar the instant petition.

Respondent contends further that the findings of fact contained in the decree are not supported by any legal evidence and that the decree appealed from should therefore be reversed and its appeal sustained. The first finding of fact is to the effect that petitioner since May 26, 1947 has been and is now partially incapacitated for work due to the original accident of February 25, 1943. We are satisfied from our examination of the transcript and the payroll records presented as exhibits that there is legal evidence to sustain this finding of fact and the order based thereon, namely, that *since* May 26, 1947, the date of the decree in W. C. A. No. 3834, the petitioner is entitled to compensation for partial incapacity in the sum of $8.66 per week.

The second finding of fact is to the effect that petitioner's case is an unusual one in that he has required specialized and prolonged medical, surgical and psychiatric treatment

and will require further such treatment to eliminate his symptoms and to cure and rehabilitate him. In our judgment there is legal evidence to support such finding. The petitioner was treated by at least fifteen different physicians, including neurosurgeons, psychiatrists, osteopathic and orthopedic specialists, and one dentist, and was operated on or treated at four different hospitals and one clinic. He has worn braces, a sacroiliac belt and crutches, and has undergone seven different operations.

Respondent also argues that there is no evidence that specialized or prolonged treatment would effect a cure or rehabilitation of petitioner. Doctor G. Kenneth Coonse, a Boston specialist and orthopedic surgeon, testified: "* * * I think that eventually he is going to have something further done to his back, such as a spinal fusion, *if he is going to be free of symptoms.*" (italics ours) Certainly a spinal fusion is specialized treatment and "to be free of symptoms" would indicate a cure or rehabilitation. Doctor Walter C. Weigner, a neurosurgeon and a witness for respondent, testified on cross-examination that, if the compensation status of this case were determined, the petitioner's condition could be effectively treated. The testimony of these two physicians is legal evidence, either directly or by reasonable inference, to support the conclusion of the trial justice in the matter.

The third and fourth findings of fact, which merely implement the second finding of fact, relate to the allowance of reasonable medical expenses beyond the maximum prescribed by the act in the ordinary case. Our examination of the evidence shows that those findings are supported by legal evidence. In sustaining such findings, however, we do not mean to hold that all unpaid medical bills and all future medical bills shall be paid, but only those that are shown to be reasonably necessary to effect petitioner's cure or rehabilitation. If at any time in the future it shall appear that such cure or rehabilitation has been effected or that further prolonged and specialized treatments will

prove unavailing in this respect, respondent of course shall have the right to seek a review of the findings pertaining thereto in the decree appealed from.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Zietz & Sonkin, Julius C. Michaelson,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Matthew W. Goring, Thomas J. Hogan,* for respondent.

